UNITED STATES of America, Appellee,

v.

Ernest JONES, also known as Ernie, Omar Allen, Omar James Jones, and James Omar Jones, Appellant.

No. 93–3995.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1994.

Decided May 6, 1994.

Steven G. Sakoulas, Kansas City, MO, argued, for appellant.

William L. Meiners, Kansas City, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.

BOWMAN, Circuit Judge.

Ernest Jones was charged with conspiracy to distribute cocaine base, a violation of 21 U.S.C. § 846 (1988); distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1) (1988); possession with intent to distribute cocaine base, also a violation of § 841(a)(1); and use of a firearm in connection with a drug-trafficking offense, a violation of 18 U.S.C. § 924(c) (1988 & Supp. IV 1992). A jury found Jones guilty of these charges, and he appeals, raising several issues. We affirm.

■ First, Jones argues that the District Court[1] erred in denying his motion for a mistrial after a government witness, Detective Brad Wessler, testified that when he searched Jones he found money, a white rock-like substance, and a small amount of "green leafy substance" in Jones's pocket. Transcript at 78. Jones correctly points out that the government had agreed, in response to his motion in limine, not to introduce any evidence relating to marijuana. He argues that Wessler's testimony constituted evidence of an uncharged crime and denied him a fair trial.

In denying Jones's motion for a mistrial, the District Court found there had been no meaningful prejudice to Jones as a result of Wessler's fleeting reference to the "green leafy substance." The court promptly instructed the jury to disregard that part of Wessler's testimony, and there was no further mention of the matter. We are satisfied that the incident was minor and inconsequential, and therefore that it affords Jones no basis for relief from his convictions. *See United States v. Hasting*, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983) (reiterating that "duty of a reviewing court

[is] to consider the trial record as a whole and to ignore errors that are harmless").

■ Next, Jones, who disappeared from Missouri shortly after his initial arrest, argues that his Sixth Amendment right to a speedy trial was violated by the delay of approximately five years between the time of the indictment and his eventual apprehension and return to Missouri to face the charges. We disagree. Our review of the record leaves us firmly convinced that the government made diligent efforts to find Jones and bring him to the Western District of Missouri to face the charges against him and that these efforts were thwarted by the various deceptive and evasive tactics Jones employed, including the use of a false date of birth, various aliases and social security numbers, and a false address. Since the delay of which Jones complains is entirely attributable to his own actions, and since he is unable to show that his defense was prejudiced by the delay, we have no difficulty in concluding that the post-indictment delay that occurred here did not violate his Sixth Amendment right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 2192–93, 33 L.Ed.2d 101 (1972) (establishing a balancing test to resolve Sixth Amendment speedy trial claims); *Doggett v. United States*, —— U.S. ——, ——-——, 112 S.Ct. 2686, 2690–93, 120 L.Ed.2d 520 (1992) (confirming and elaborating on the *Barker* balancing test).

■ Jones challenges the sufficiency of the evidence to support his conviction under 18 U.S.C. § 924(c) for use of a firearm in connection with a drug-trafficking offense. This challenge must fail. The government's evidence showed that Jones and others sold crack cocaine from a residence at 3801 Chestnut in Kansas City, Missouri. Jones's initial arrest took place at that residence; the arresting officers found him in possession of forty-six packets of crack cocaine and $417.00 in cash. Some ninety minutes before his arrest, Jones had sold cocaine to an undercover police officer in the living room of the residence at 3801 Chestnut. Also found

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

at the residence at the time of Jones's arrest were three firearms: a semi-automatic .22 pistol loaded with a clip (seized from the dining-room floor), a loaded .357 revolver (seized from a bedroom), and a loaded .38 revolver (seized from the top of a china cabinet in the dining room). All these weapons were found near parts of the residence where drug distributions had occurred. Jones and his cohorts had ready access to these weapons, and even as the police were conducting their search of the residence various individuals seeking to purchase crack cocaine came to the front door with money in their hands. We find that the evidence is not insufficient to support Jones's § 924(c) conviction. *See United States v. Townley*, 929 F.2d 365, 368 (8th Cir.1991) (holding that evidence is sufficient for § 924(c) conviction where it shows weapon's proximity to drugs and its accessibility).

Jones also challenges the sufficiency of the evidence to support his conspiracy conviction. This challenge too must fail. Indeed, the evidence recounted in the preceding paragraph of this opinion is largely dispositive of the issue. The indictment charged that Jones conspired with three other named individuals to engage in drug trafficking during a stated period of some six days in December 1987. During that period an undercover officer purchased cocaine base at 3801 Chestnut on three occasions, the last of the purchases being from Jones. Although the officer had not previously seen Jones at the house, all four of the named coconspirators were present at 3801 Chestnut when Jones was arrested and the search warrant was executed. The evidence leaves no room for doubt that Jones and the other named coconspirators were using 3801 Chestnut as a "crack house"—a place for the distribution of cocaine base. Jones is linked to the conspiracy by his sale of cocaine base in the house, his possession of forty-six packets of cocaine base similar to other packets found in the residence containing cocaine base residue, and by the fact that he and the other named coconspirators all were present at the residence when the search warrant was executed.

We review the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences that support the jury's verdict. *United States v. Marin–Cifuentes*, 866 F.2d 988, 992 (8th Cir. 1989). The evidence need not exclude every reasonable hypothesis except guilt. *United States v. Newton*, 756 F.2d 53, 54 (8th Cir. 1985). Rather, the verdict must be upheld if a reasonable fact-finder could have found guilt beyond a reasonable doubt. *Marin–Cifuentes*, 866 F.2d at 992. Conspiracy requires proof the defendant entered into an agreement with at least one other person to violate the law. *United States v. Smiley*, 997 F.2d 475, 479 (8th Cir.1993). Circumstantial evidence may suffice. *United States v. Kroh*, 915 F.2d 326, 332 (8th Cir.1990) (en banc). Having conducted our review of the evidence with these principles in mind, we conclude that the evidence in this case is sufficient to support the jury's verdict that Jones was party to a conspiracy to distribute cocaine base from the residence at 3801 Chestnut.

Finally, Jones attacks the District Court's instruction to the jury setting forth and explaining the elements of the charged conspiracy. Jones argues that the instruction is flawed because it deviates from the Eighth Circuit Model Jury Instructions and is overly favorable to the government. We disagree. The model instructions operate merely as suggestions and are not binding on the district courts of this Circuit. *See United States v. Norton*, 846 F.2d 521, 525 (8th Cir.1988); *United States v. Ridinger*, 805 F.2d 818, 821 (8th Cir.1986). Moreover, the instruction given by the District Court is an entirely accurate statement of the law of conspiracy. Jones's argument therefore lacks merit.

For the reasons stated, Jones's convictions are affirmed.