UNITED STATES of America, Appellee,

v.

Donny Rex EASLEY, Appellant.

No. 95–1670.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1995.

Decided Nov. 20, 1995.

---

Nancy Graven, Springfield, Missouri, argued (Raymond C. Conrad, Jr., as Federal Public Defender Western District of Missouri, Kansas City, Missouri, on the brief), for appellant.

Richard Elmus Monroe, Springfield, Missouri, argued (Stephen L. Hill, Jr., as United States Attorney for the Western District of Missouri, Kansas City, Missouri, on the brief), for appellee.

Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Donny Rex Easley appeals his conviction and sentence for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). We affirm.

## I. BACKGROUND

Easley was indicted on two counts of manufacturing marijuana. Each count involved a different plot of land. Count I involved property owned by Easley's uncle (Plot # 1). After discovering what appeared to be marijuana plants on that land, law enforcement officers set up a surveillance camera and eventually photographed Easley tending to and fertilizing the plants. The surveillance camera was later stolen and law enforcement officers then eradicated the crop to prevent its distribution. They destroyed 2,212 plants without testing the plants. Several weeks later, another 65 plants were recovered from the patch. Those plants were tested and found to be marijuana.

Meanwhile, acting on an anonymous tip, the officers discovered what appeared to be cultivated marijuana on a second plot of land, which became the subject of Count Two of the indictment (Plot # 2). While staking out the area, law enforcement officers found a pickup truck, which had apparently been hurriedly abandoned, across the road from the marijuana patch. A bag of marijuana and Easley's identification were found in the pickup truck. After a search of the area, Easley was apprehended and arrested. He made several incriminating statements to the officers at the time he was arrested.[1]

At trial, Easley testified that he had not planted the marijuana, but that he routinely searched for marijuana patches so that he could sell the information to others. He did, however admit to fertilizing the plants on Plot # 1 and photographs of that act were

introduced into evidence. A defense expert, Dr. Warren Woodford, testified that it is difficult for a layperson to tell the difference between marijuana and wild hemp plants (which have no drug value) without scientific testing. However, Officer Timothy Selvey, the Highway Patrol Officer who found the plants on Plot # 1, testified that he believed the plants that were destroyed were marijuana.

The jury convicted Easley of manufacturing marijuana on Plot # 1, but acquitted him of manufacturing marijuana on Plot # 2. The district court sentenced Easley to 135 months based on a criminal history category of II and a quantity determination of over 2000 plants.[2]

Easley contends that the evidence is not sufficient to support his conviction. He challenges the sufficiency of evidence on both the acquitted count and the count of conviction. On the count of conviction, he asserts that the government failed to prove that the destroyed plants were marijuana. He then contends that the acquitted count should not have been submitted to the jury and that he was prejudiced by its submission. In essence, he argues that the jury considered evidence relating to Count Two to convict him on Count One. He further contends that the district court erred in basing his sentence on 2,212 marijuana plants.

## II. DISCUSSION

### A. Sufficiency of the evidence

The standard of review for a claim of insufficient evidence is very strict and the verdict of a jury should not be overturned lightly. *United States v. Scott,* 64 F.3d 377, 380 (8th Cir.1995). The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonably-minded jury to find guilt beyond a reasonable doubt. *Id.* A conviction may be based on circumstantial as well as direct evidence and need not exclude every reasonable hypothe-

---

1. Officer Selvey testified that Easley stated that he was going to check the plants but not to tend them and that the officers "didn't have anything on him, that he could [be] standing in the middle of a marijuana patch and if he was not fertilizing or dusting the marijuana plants, [they] didn't have anything on him." Easley also admitted

knowledge of the stolen camera on Plot # 1. Trial Transcript 26–28.

2. Easley's Criminal History Category of II is based on three convictions for driving while intoxicated.

sis except guilt. *Id.* In addition, we must review the evidence in the light most favorable to the government and accept all reasonable inferences supporting the verdict. *Id.*

■ Easley first argues that the evidence on the count of conviction is insufficient in that the government failed to prove that the plants at issue were marijuana. Although Dr. Woodford testified that it is difficult for a layperson to identify marijuana without scientific evaluation, the jury obviously rejected his testimony. The jury apparently credited the testimony of Officer Selvey, who testified, based on his experience as a highway patrol officer assigned to the marijuana eradication unit for four years, that he can identify marijuana. It is the prerogative of the jury to reject some testimony and credit other testimony.

Also, the jury was presented with evidence that negated the inference that the plants were wild marijuana or "ditchweed." Officer Selvey testified that the plants were cultivated in rows and had been recently dusted with insecticide. Easley had been photographed tending the plants. In addition, the 65 plants that were later found on the same land and were tested proved to be marijuana.[3] We find there is ample indirect evidence from which the jury could find that the plants were marijuana. *See United States v. Chadwick,* 44 F.3d 713 (8th Cir.1995) (similar facts support a guilty verdict).

■ Easley's argument that the evidence presented to the jury in connection with the acquitted count somehow prejudiced him on the count of conviction is simply lacking in merit.[4] As outlined above, the evidence relating to the count of conviction was substantial. Easley can show no prejudice flowing from any error with regard to the acquitted count. Moreover, even if Count II had not been submitted to the jury, the evidence about which Easley complains would have been admissible as relevant to Count I.[5] We find no error in the district court's refusal to enter a judgment of acquittal on Count Two before submission of the evidence to the jury.

**B. Sentence**

■ Easley contends that his sentence should not have been based on 2,212 plants because the plants were never tested and shown to be marijuana. Determination of quantity for sentencing need only be proved by a preponderance of the evidence. *United States v. Pugh,* 25 F.3d 669, 676 (8th Cir. 1994).[6] As the foregoing discussion illustrates, there is ample evidence from which the district court could find, by a preponderance of the evidence, that Easley was involved in the manufacture of more than 2000 plants. We thus affirm the sentence of the district court.

**III. CONCLUSION**

For the foregoing reasons, the order of the district court is affirmed.

---

3. There was evidence that these plants had either sprouted from seed or had been missed in the original eradication effort.

4. Easley contends that only his presence connects him to the manufacture of marijuana on Plot # 2. To the contrary, the government presented evidence of not only proximity, but flight. Marijuana was found in Easley's truck and Easley himself admitted that he had come to "check" the marijuana plants.

5. For example, Easley's comments to law enforcement officers after he was apprehended would have been admissible to impeach the cred-

ibility of his testimony that he did not know the plants that he had been photographed fertilizing were marijuana.

6. A heightened standard is required in limited circumstances that do not apply to this case. *See, e.g., United States v. Behler,* 14 F.3d 1264, 1272 (8th Cir.1994) (heightened standard applies where increase is due to uncharged relevant conduct); *United States v. Townley,* 929 F.2d 365, 369–70 (8th Cir.1991) (questioning whether a seven-fold increase for relevant conduct might require a heightened standard).