UNITED STATES of America, Appellee,

v.

Ronald Fredrick SCHUBEL, Appellant.

No. 89–5438.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1990.

Decided Aug. 27, 1990.

Rehearing Denied Sept. 28, 1990.

---

Jerry Strauss, St. Louis Park, Minn., for appellant.

Nathan P. Petterson, Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

McMILLIAN, Circuit Judge.

Appellant Ronald F. Schubel appeals from a judgment of conviction entered by the United States District Court [1] for the District of Minnesota upon a jury verdict finding him guilty of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count I),

---

1. The Honorable Edward J. Devitt, United States Senior District Judge for the District of Minnesota.

use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (Count II), and the possession of an unregistered firearm in violation of 26 U.S.C. § 5861(b) and § 5871 (Count III). The district court sentenced appellant to serve 27 months on Counts I and III to be served concurrently, and to serve 60 months on Count II consecutively with the sentences imposed by the court on Counts I and III. For reversal appellant contends that there was insufficient evidence to establish (1) his actual or constructive possession of either the methamphetamines or the bomb, and (2) his possession of methamphetamine with intent to distribute. We disagree and affirm.

On March 3, 1989, narcotic investigators with the Ramsey County Sheriff's Department executed a search warrant at 1076 Busch Avenue in St. Paul, Minnesota. The residence at 1076 Busch Avenue is a two-story house with a first floor level and a second floor level. Once entry is made into the common front door, each of the two levels has a separate locked entrance. Both the upstairs and downstairs were searched. At the time the officers entered, Gary Andrews, the occupant of the first floor level, was present in the house.

Andrews resided in the downstairs portion of the house, and appellant, Ronald Schubel, resided in the upstairs portion of the house. During the execution of the search warrant, various quantities of methamphetamine were found in the upstairs portion of the house. A plastic container containing 46.6 grams of methamphetamine was found on a shelf in the bedroom. A cassette holder located in the living room contained a plastic bag containing 2 grams of methamphetamine and 11 individually wrapped plastic bags of white powder. One of the bags of white powder, which was randomly selected by the officers, was analyzed and found to contain 3.3 grams of methamphetamine. Also found in the living room was 5.7 grams of white solid material containing methamphetamine, and another gram of white powder containing methamphetamine.

Various items of drug paraphernalia were also found in the upstairs portion of the house. These items included a container found under the bed which contained a small gram scale with traces of white powder, an electronic digital scale, and numerous small baggies. The small baggies found under the bed were identical to the baggies in which some of the methamphetamine found in the living room were wrapped. Also found under the bed was a Deering scale and a sifting kit. Another sifter was found on a shelf in appellant's bedroom. A sifter can be used to grind methamphetamine into fine powder so that it can be broken down into smaller quantities or mixed with adulterants to increase its quantity. Numerous gram vials, which can be used for packaging and storing methamphetamine, were found in the living room. Also found in the living room was a portable programmable scanner, which is commonly used to monitor police radio frequencies. Fifteen hundred dollars in cash was found sealed on a wooden shelf in the living room.

Also discovered in the upstairs unit were numerous firearms and ammunition. A loaded .38 caliber pistol was found on the bed; a loaded .357 magnum was found on the bedroom shelf; a loaded 9mm handgun was found under a chair just outside the front door; a .22 caliber pistol was found on an end table, and a semi automatic 12 gauge shotgun was found in a dresser drawer in the bedroom. A briefcase containing ammunition was found in the bedroom.

Finally, the officers found in the bedroom of the residence a destructive device or "pipe bomb," and other various explosive components. The destructive device was not registered to appellant in the National Firearm Registration and Transfer Record.

Nobody was present in the second floor unit at the time of the search. Prior to the execution of the search warrant, officers found in the garbage at the rear of the house a letter addressed to appellant indicating an address of 1076 Busch Avenue, Floor 2. The mailbox on the front of the

house indicated one of the residents to be "Ron S." In the bedroom were miscellaneous documents with the name Ronald Schubel, including a receipt from Northwestern Bell, check stubs, a telephone bill, and miscellaneous other receipts. A photograph album containing photographs of Ronald Schubel was also found in the bedroom.

Ronald Schubel and Gary Andrews were listed as the tenants on the lease for 1076 Busch Avenue. Although the landlord, Daniel Rogers, did not see appellant sign the lease, he testified that he had seen appellant at the residence on two occasions. Ramsey County Sheriff's Deputy, Michael Hankey, one of the officers involved in the execution of the search warrant, testified that he had seen both Schubel and Andrews at the house two or three days before the search.

Appellant was arrested at 10 p.m. on March 3, 1989, about 12 hours after the search at 1076 Busch Avenue. He was arrested during a search of Jeffery Mickelson's house in Chisago County, Minnesota. At the time of his arrest, appellant had in his possession a copy of the search warrant and inventory that had been left by the officers at 1076 Busch Avenue that morning. He also had in his possession a one hitter containing .45 grams of methamphetamine and a box of .25 caliber bullets.

■ The standards that govern our review of a jury's verdict of guilty are well-established. The defendant's conviction must be upheld if, after viewing the evidence in the light most favorable to the government, there is substantial evidence to support the jury's verdict. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Marin–Cifuentes,* 866 F.2d 988, 992 (8th Cir.1989). In reviewing the guilty verdict, we must give the government the benefit of all inferences that may be reasonably drawn from the evidence. *United States v. Marin–Cifuentes,* 866 F.2d at 992. The evidence need not exclude every reasonable hypothesis of innocence, but must simply be sufficient to convince the trier of fact beyond a reasonable doubt that the defendant is guilty. *Id.* at 992. If

the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb a conviction. *United States v. Holm,* 836 F.2d 1119, 1122 (8th Cir.1988). Moreover, the appellate court must keep in mind that the standard to be applied to determine the sufficiency of the evidence is a strict one, and the finding of guilt should not be overturned lightly. *United States v. Knife,* 592 F.2d 472, 475 (8th Cir.1979).

Appellant concedes that the methamphetamines and firearms were found in the second floor apartment at 1076 Busch Avenue. He argues, however, that there was insufficient evidence that he was in constructive possession of the premises. He further argues that none of his fingerprints were found in the second floor apartment (the single fingerprint found on the pipe bomb was not appellant's) and that the documents found inside the second floor apartment were in his name but not addressed to him at 1076 Busch Avenue. Appellant is evidently arguing that the house is a single-family residence, and that the drugs, drug paraphernalia, and firearms belonged to Andrews and not to him.

■ Possession of contraband can be either actual or constructive. *United States v. Brett,* 872 F.2d 1365, 1369 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). Proof of constructive possession is sufficient to support a conviction of possession with intent to distribute narcotics. *Id.; United States v. Matra,* 841 F.2d 837, 840 (8th Cir.1988). A person has constructive possession of contraband if he has ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed. *United States v. Brett,* 872 F.2d at 1369 (citing *United States v. Matra,* 841 F.2d at 840). In *Brett* the defendant, Gray, was seen fleeing the scene when officers approached the house. When he was arrested, the police found in his possession a key to the front door of the residence, which was a drug house. The court held that the possession of the key to the front door of the house was

sufficient evidence to prove possession. *Id.*

In this case, the evidence was sufficient to prove appellant's dominion over the second floor of 1076 Busch Avenue, and therefore his possession of the contraband concealed therein. The landlord testified that Gary Andrews and Ronald Schubel were listed on the lease as tenants of the house. Although they shared a common front door, the first floor level and second floor level each had separate entrances. At the time of the search, Gary Andrews was in his apartment on the first floor. Nobody else was present in the house. There was one bedroom on the second floor, and in this bedroom were numerous documents pertaining to Ronald Schubel, including a customer's receipt from Northwestern Bell, check stubs, a telephone bill, and miscellaneous receipts. Also in the bedroom was a photograph album containing photographs of Ronald Schubel. The mailbox on the outside of the house indicated "Ron S." as a resident. A search of the garbage at the rear of the house prior to the execution of the warrant revealed a letter addressed to Ronald Schubel, 1076 Busch Avenue, Floor 2. Finally, at the time of appellant's arrest, 12 hours after completion of the search, he had in his possession a copy of the search warrant and receipt. These had been left at 1076 Busch Avenue after the search. The officers left the house unoccupied and took Andrews into custody. Appellant's dominion over the second floor of 1076 Busch Avenue is also supported by the testimony of Dale Berthiaune, a witness for appellant. Mr. Berthiaune testified that Ron Schubel took from him four of the five firearms found on the second floor of 1076 Busch Avenue in order to prevent Berthiaune from committing suicide.

Based upon this evidence and the record as a whole, we hold that there was sufficient evidence to prove that appellant was in constructive possession, if not actual possession, of the drugs and the destructive device found in the second floor apartment of the house at 1076 Busch avenue.

 Appellant's challenge to the sufficiency of the goverment's evidence with respect to intent to distribute the methamphetamine is without merit. Intent to distribute controlled substances may be proved by either direct evidence or circumstantial evidence. *United States v. Brett,* 872 F.2d at 1370. Intent to distribute may be inferred solely from the possession of large quantities of narcotics. *Id.* The presence of equipment to weigh and measure the narcotics, paraphernalia used to aid in their distribution, and large sums of cash are common indicia of drug trafficking and are all circumstantial evidence of intent to distribute. *Id.; United States v. Matra,* 841 F.2d at 841; *United States v. LaGuardia,* 774 F.2d 317, 319 (8th Cir. 1985). The presence of firearms, generally considered a tool of the trade for drug dealers, is also evidence of intent to distribute. *United States v. Brett,* 872 F.2d at 1370; *United States v. LaGuardia,* 774 F.2d at 320.

 The quantity of methamphetamine found on the second floor of the house was substantial. One container of methamphetamine contained 46.6 grams. Another container contained 11 individually wrapped packages of methamphetamine. One of these packages was analyzed and found to contain 3.3 grams of methamphetamine. Robert Bushman, a special agent with the Bureau of Criminal Apprehension, testified that this quantity of methamphetamine was consistent with distribution, and not personal use. Several scales used for weighing narcotics were found in the residence, as well as sifters, gram vials, and small baggies for packaging narcotics. Fifteen hundred dollars in cash was found sealed in a wooden shelf hanging on the wall. Finally, there were firearms and ammunition throughout the second floor of the residence, including four pistols, three of them loaded, a semi-automatic 12 gauge shotgun, and a pipe bomb. All of this evidence is consistent with possession of contraband with the intent to distribute.

Accordingly, we affirm the judgment of the district court.