**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1315

_____

United States of America,          *
                                   *
        Plaintiff - Appellee,      *  Appeal from the United States
                                   *  District Court for the
    v.                             *  Eastern District of Arkansas.
                                   *
Brent L. Mosley,                   *          [UNPUBLISHED]
                                   *
        Defendant - Appellant.     *
                                   *


_____

Submitted: September 12, 1997
        Filed: February 6, 1998

_____

Before McMILLIAN, ROSS, and HANSEN, Circuit Judges.

_____

PER CURIAM.

    Brent L. Mosley appeals his convictions and sentences following a jury trial.  Mosley was convicted of carjacking in violation of 18 U.S.C. § 2119 (1994), interference with commerce by robbery in violation of 18 U.S.C. § 1951, the Hobbs Act, and two counts of using a firearm during a crime of violence in violation of 18

U.S.C. § 924(c)(1).  The district court[1] entered judgment and sentenced Mosley to life imprisonment pursuant to 18 U.S.C. § 3559(c)(1), the "three strikes" provision.  We affirm.

Mosley's convictions stem from a car theft in a Little Rock, Arkansas, shopping center parking lot.  The victim was sitting in her car when a man with a gun approached the car window and threatened to kill her.  The man then entered the vehicle through the driver's side door.  The victim's escape attempt was thwarted when another man entered the car from the passenger side.  A third man entered the back seat of the car as the first man began to drive away.  The men drove to North Little Rock, Arkansas, and stopped briefly to move the victim to the back seat of the car.  They then drove to Brinkley, Arkansas, while the man in the back seat held the victim at gunpoint and threatened to kill her.  Upon reaching Brinkley, the three men robbed a gas station.  A clerk at the gas station identified Mosley as one of the robbers.  The victim escaped during the robbery and contacted the police.  After completing the robbery, the three men began driving the stolen car back toward Little Rock.  The police pursued the car, and a high speed chase ensued.  The chase ended when the men crashed the stolen vehicle.  The police arrested Mosley at the accident scene after he was thrown from the car and injured during the crash.

Mosley first claims there is insufficient evidence to convict him of carjacking and the use of a firearm during a crime of violence.  We apply familiar standards in

---

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

an insufficiency of the evidence challenge. We must uphold the conviction "if, after viewing the evidence in the light most favorable to the government, there is substantial evidence to support the jury's verdict." United States v. Schubel, 912 F.2d 952, 955 (8th Cir. 1990). We give the verdict the benefit of all reasonable inferences that may be drawn from the evidence. Id. A conviction will be upheld unless no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Quintanilla, 25 F.3d 694, 699 (8th Cir. 1994).

We reject Mosley's argument because there is sufficient evidence to support the convictions. The victim of the carjacking testified at length about her ordeal. She described how the man in the back seat made repeated threats to kill her while he held a gun to her head. Although the victim admitted she could not identify Mosley as the man who threatened her, she also testified that he was not one of the two men who were in the front seat of the carjacked vehicle. A clerk working at the gas station in Brinkley identified Mosley as one of the robbers. Mosley was captured at the scene of the crash after being thrown from the stolen car. This evidence supports a reasonable inference that Mosley was the carjacker who was in the back seat of the car threatening to kill the victim while holding her at gunpoint. The jury could reasonably conclude that Mosley was guilty of carjacking and that he possessed a firearm during the carjacking and robbery, both crimes of violence.

Mosley next argues that the Hobbs Act is unconstitutional as applied to him in this case because Congress does not have the power under the Commerce Clause to prohibit local robberies, citing United States v. Lopez, 514 U.S. 549 (1995). The Hobbs Act prohibits "robbery" that "obstructs, delays, or affects commerce or the

-3-

movement of any article or commodity in commerce." 18 U.S.C. 1951(a). As Mosley concedes, we rejected this argument in United States v. Farmer, 73 F.3d 836, 843 (8th Cir.), cert. denied, 116 S. Ct. 2570 (1996), and we reject it again here. In Farmer, we held that the limitation on Congress's power to legislate pursuant to the Commerce Clause recognized in Lopez had no application to a Hobbs Act robbery of a commercial establishment. Farmer, 73 F.3d at 843. We also held that a "local" robbery is a violation of the Hobbs Act so long as it satisfies "the requirement that commerce or the movement of any article or commodity in commerce is obstructed, delayed, or affected, always understanding that 'commerce,' in this context, is meant 'interstate commerce.'" Id. The evidence here shows the robbery clearly met this interstate commerce requirement. The gas station sold various products that traveled in interstate commerce, including gasoline shipped from Tennessee, bakery goods from Missouri, and snack foods from Texas. Further, many of the station's customers were interstate travelers.

Mosley next claims that he should not have been sentenced as an aider and abettor to the robbery because his intoxication prevented him from reasonably foreseeing that the robbery would occur. Mosley bases his argument on the United States Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (1995), which provides that "in the case of jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" shall be considered in determining the base level offense. Another provision of the Guidelines, § 1B1.3(a)(1)(A), provides that the base level offense shall be determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." The

-4-

commentary to § 1B1.3 instructs a court when to use subsection (a)(1)(A) and when to use subsection (a)(1)(B), providing that

> [t]he requirement of reasonable foreseeability applies only in respect to the conduct (i.e., acts and omissions) of others under subsection (a)(1)(B). It does not apply to conduct that the defendant personally undertakes, aids, abets, counsels, commands, induces, procures, or willfully causes; such conduct is addressed under subsection (a)(1)(A).

USSG § 1B1.3, comment. (n.2). Thus, if Mosley personally participated in the robbery, then the reasonable foreseeability requirement does not apply. The evidence here shows that Mosley personally participated in the robbery. An eyewitness identified Mosley as one of the robbers. Therefore, the reasonable foreseeability provisions of subsection (a)(1)(B) do not apply to Mosley's sentencing as an aider and abettor to the robbery. We reject his contention to the contrary.

We have considered and rejected all of Mosley's arguments that are properly before us.[2] Accordingly, we affirm the judgment of the district court.

---

[2]On October 15, 1997, Mosley submitted a pro se supplemental brief making two claims not raised by his counsel. Mosley attacks his convictions based on alleged evidentiary errors by the district court, citing Old Chief v. United States, 117 S. Ct. 644 (1997). He also claims the court erred in sentencing him to life imprisonment. Because Mosley submitted this brief more than a month after the case was submitted on September 12, 1997, we decline to consider the claims he attempts to raise. See United States v. Cunningham, No. 97-1720, 1998 WL 7227, at *6 (8th Cir. Jan. 13, 1998). Our action is without prejudice to Mosley's right to file a petition for post-conviction relief under 28 U.S.C. § 2255. Id.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.