United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-2075EA

| United States of America, | * | |
|---|---|---|
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Arkansas. |
| Jimmy Wilkins and Fred Baine, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 20, 1997

Filed: March 18, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, and STEVENS,[1] District Judge.

_____

RICHARD S. ARNOLD, Chief Judge.

The United States appeals from the District Court's[2] order granting Jimmy Wilkins and Fred Baine a new trial. We affirm.

_____

[1]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

I.

On November 13, 1996, a federal grand jury returned a sixteen-count indictment against Fred Baine, Sherry Baine, Michael Smallwood, Charles Smallwood, Jimmy Wilkins, and Kenny Vogles. The indictment charged the defendants with conspiring to collect crop insurance proceeds and government disaster relief payments by intentionally causing crops on farms in Arkansas and Mississippi to fail to mature and then claiming that the poor crop yields were due to natural conditions. The indictment also charged several acts of mail fraud in furtherance of the conspiracies.

During a two-week trial, the District Court granted motions to dismiss some of the counts for insufficient evidence, and granted judgments of acquittal for some of the defendants. After these motions were granted, only Jimmy Wilkins, Fred Baine, and Charles Smallwood remained defendants, and the jury was allowed to consider only the nine remaining counts of the indictment. The jury acquitted Charles Smallwood on all the counts with which he was charged, and acquitted Jimmy Wilkins and Fred Baine on all but one count. Baine and Wilkins were found guilty on Count 10 of the indictment, which charged them with conspiring to defraud the United States by submitting a false disaster claim to the federal Agricultural Stabilization and Conservation Service (ASCS). Specifically, Count 10 charged Baine and Wilkins with underplanting a farm in Mississippi for the purpose of producing a failed rice crop, and then submitting false seed tickets and appraisal worksheets to the ASCS in an attempt to obtain federal disaster relief payments.

Wilkins and Baine filed motions for judgment of acquittal notwithstanding the jury verdict, and, in the alternative, motions for a new trial. In an order filed on March 17, 1997, the District Court denied the motions for judgment of acquittal but granted the new trial motions. The District Court justified a new trial in part on its belief that Baine and Wilkins were prejudiced when the jury heard evidence on charges

of illegal conduct which were taken from the jury by the Court. The government now appeals.

## II.

A District Court may grant a criminal defendant a new trial "if required in the interest of justice." Fed. R. Crim. P. 33. This Court will reverse a District's Court decision to grant a new trial only if the District Court has abused its discretion. United States v. Robbins, 21 F.3d 297, 299 (8th Cir. 1994); United States v. Wang, 964 F.2d 811, 813 (8th Cir. 1992).

We hold that the district judge did not abuse his discretion when he ordered a new trial. In the middle of the trial, the Court dismissed for lack of evidence Counts 12 and 13 of the indictment, which charged Baine and Wilkins with crop insurance fraud arising out of their Mississippi farming operation. The dismissal of these counts was largely due to the testimony of Richard Cummins, the crop insurance adjuster supervisor for Crop Hail Management Insurance Company who inspected Baine's and Wilkins's Mississippi farm. Cummins testified that he recommended to Crop Hail Management that the defendants' insurance claim be denied, and that he had prepared a report to that effect. However, Cummins was not able to produce this report from his files. The Court subsequently found that Cummins's testimony was unreliable and refused to admit any of Crop Hail Management's records into evidence. Because these records were the basis of Counts 12 and 13, the Court dismissed those counts.

Though the Court dismissed the two charges of crop insurance fraud on the Mississippi farm, it allowed the jury to consider Count 10, which charged a conspiracy to obtain federal ASCS payments for the Mississippi farm. When the jury considered Count 10, it had heard Richard Cummins's testimony about the dismissed charges of crop insurance fraud on the same farm. The District Court thought that the spill-over effect of this evidence, and that of certain other evidence introduced on other counts,

tainted the jury's consideration of Count 10. The District Court is in the best position to make a judgment of this kind. We do not know what we would have done in its place. We do know that the District Court did not abuse the broad discretion committed to it in matters of this kind. See United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988).

       Affirmed.

       A true copy.

          Attest:

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.