# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3311

———————

United States of America,      *
     *
         Plaintiff - Appellee,      *
     *    Appeal from the United States
       v.      *    District Court for the Eastern
     *    District of Missouri.
David Stolts,      *
     *    [UNPUBLISHED]
         Defendant - Appellant.      *

———————

Submitted: April 16, 2009
Filed: April 22, 2009

———————

Before MURPHY, BRIGHT, and BYE, Circuit Judges.

———————

PER CURIAM.

A jury convicted David Stolts of possession with the intent to distribute in excess of five hundred grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court[1] denied Stolts's motion for judgment of acquittal and sentenced him to a mandatory term of 120 months imprisonment. Stolts appeals, arguing there was insufficient evidence to convict him of the charge. We affirm.

———————————————

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Viewed in the light most favorable to the verdict, United States v. Calderin-Rodriguez, 244 F.3d 977, 983 (8th Cir. 2001), the evidence reveals the following. On December 20, 2007, the Jefferson County Sheriff's Department received a call regarding a strong chemical odor somewhere in the 7500 block of Route 30, Dittmer, Missouri. Upon arrival, police noted a strong ether odor emanating from a residence shared by Stolts and his mother. Stolts and his mother consented to a search of the home and police discovered a hot plate, spatula, pill grinder, plastic tubing, glass smoking devices, Pyrex dishes, and an empty isopropyl alcohol bottle in Stolts's bedroom. In the garage, in or near Stolts's pickup truck, police discovered two glass jars containing liquid, a five-gallon bucket containing a liquid that smelled like ether, a gallon of Muriatic acid, a bottle of Heet, a soda bottle with yellow liquid that tested positive for acid, a Rubbermaid container with an unknown substance, and funnels. Tests conducted on the liquids in the five-gallon bucket and glass jars revealed 840.61, 21.43, and 15.88 grams of a mixture or substance containing methamphetamine.

Stolts was arrested and taken to jail. En route, he repeatedly expressed regret for what he had done to his mother. At the jail, Stolts agreed to answer questions and stated the items had been left at his home by another person. Later, Stolts claimed he found the items along a road and took them in hopes of extracting additional methamphetamine. When confronted about the implausibility of his statements, Stolts agreed and told the interrogator he did not want to go to jail. He admitted being a long-time methamphetamine user and to manufacturing methamphetamine in the past.

At the close of the government's case, Stolts moved for judgment of acquittal. The district court denied the motion and the jury found Stolts guilty. On appeal, he argues there was insufficient evidence connecting him to the drugs and paraphernalia or of an intent to distribute the drugs.

-2-

We review the district court's denial of a motion for judgment of acquittal de novo. United States v. Campa-Fabela, 210 F.3d 837, 839 (8th Cir. 2000). When judgment of acquittal is sought on the basis of insufficiency of the evidence, we view the evidence in the light most favorable to the verdict and give the government the benefit of all reasonable inferences that can logically be drawn from the evidence. United States v. James, 172 F.3d 588, 591 (8th Cir. 1999) (citations omitted). The verdict must be upheld if "there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant[] guilty beyond a reasonable doubt." United States v. Vig, 167 F.3d 443, 445 (8th Cir. 1999). We will not lightly overturn the jury's verdict, United States v. Gillings, 156 F.3d 857, 860 (8th Cir. 1998), and "[r]eversal is appropriate only where a reasonable jury could not have found all the elements of the offense beyond a reasonable doubt." United States v. Armstrong, 253 F.3d 335, 336 (8th Cir. 2001).

To convict Stolts, the government had to prove he knowingly possessed methamphetamine and intended to distribute the drug. United States v. Ojeda, 23 F.3d 1473, 1475-76 (8th Cir. 1994). Possession may be actual or constructive, and constructive possession "is established through proof that the individual had 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" Id. (quoting United States v. Schubel, 912 F.2d 952, 955 (8th Cir. 1990)). The "'[i]tent to distribute may be inferred solely from the possession of large quantities of narcotics.'" Id. at 1476 (quoting Schubel, 912 F.2d at 956). Both elements of the offense may be proved through circumstantial evidence. Id.

The government presented evidence of drug paraphernalia and methamphetamine discovered in Stolts's bedroom and in or near his pickup truck. Additionally, Stolts repeatedly expressed regret over how his actions had affected his mother, admitted his explanations for how the items came to be in his possession were incredible, and stated he was addicted to methamphetamine and had manufactured the

drug. The government also presented the results of tests conducted on the liquid found in the five-gallon bucket, which showed more than 800 grams of a mixture or substance containing a detectible amount of methamphetamine. Finally, the government's expert witness testified the amount of methamphetamine seized was well in excess of an amount attributable to personal use. Based upon this evidence, we cannot say the jury acted unreasonably in finding Stolts guilty beyond a reasonable doubt.

Accordingly, the judgment of the district court is affirmed.

_____